UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER L. PATTERSON,<br><br>        Petitioner,<br><br>   v.<br><br>STU SHERMAN,<br><br>        Respondent. | Case No. 1:18-cv-01688-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED AS UNAUTHORIZED SUCCESSIVE PETITION<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS<br><br>ECF NO. 1<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Vester L. Patterson, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. Because petitioner has filed an unauthorized successive petition, the court must dismiss the petition.

**I.    Background**

We draw the following facts from petitioner's most recent habeas proceeding. *See Patterson v. Martinez*, No. 16-cv-1215, ECF No. 24 (E.D. Cal. Feb. 24, 2017).[1] In April 2011,

---

[1] Petitioner had at least one other habeas proceeding before this court, in which the court denied

1

petitioner pleaded guilty to one count of forcible rape and one count of forcible oral copulation. *See id.* at 1. Petitioner was sentenced to two consecutive 16-year imprisonment terms for a total of 32 years. *See id*.

In April 2016, petitioner filed a petition under 28 U.S.C. § 2254, challenging the duration of his sentence and calculation of his release date. *See id*. at 1-2. United States Magistrate Judge Stanley A. Boone recommended that the court dismiss the petition as an unauthorized successive petition, noting that petitioner had already filed another habeas petition that was dismissed as untimely. *See id. at* 3-4; *Patterson*, No. 15-cv-53, ECF No. 30 (E.D. Cal. Sep. 16, 2015). Chief United States District Judge Lawrence J. O'Neill adopted Judge Boone's recommendation, dismissed the petition, and declined to issue a certificate of appealability. *See Patterson*, No. 16-cv-1215, ECF No. 28 (E.D. Cal. May 12, 2017).

In December 2018, petitioner filed yet another petition under 28 U.S.C. § 2254 in this case. *See* ECF No. 1. Petitioner again challenges the duration of his sentence and calculation of his release date—the same challenges rejected by Judge O'Neill. *See id*.; *compare* ECF No. 1, *with Patterson*, No. 16-cv-1215, ECF No. 10 (E.D. Cal. Sept. 29, 2016).

**II.  Discussion**

A district court may not consider a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 that raises the same grounds as a prior petition. *See* 28 U.S.C. § 2244(b)(1); *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). A district court may not consider a second or successive habeas corpus petition that raises a claim unless the petitioner shows that (1) the claim relies on a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence. *See* 28 U.S.C. § 2244(b)(2). A district court may not decide whether a second or successive petition meets these requirements; the petitioner must obtain the authorization from the appropriate court of appeals before filing a second or successive petition under 28 U.S.C. § 2254. *See* 28 U.S.C.

---

his petition filed under 28 U.S.C. § 2254. *See Patterson v. Sherman*, No. 15-cv-53, ECF No. 20 (E.D. Cal. Apr. 29, 2015).

§ 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). The authorization from the appropriate court of appeals is a jurisdictional requirement. *See Burton*, 549 U.S. at 157.

Here, petitioner has not obtained the authorization from the Ninth Circuit to file a successive petition for a writ of habeas corpus, even though Judge Boone has already explained to him that such authorization is required. *See Patterson*, No. 16-cv-1215, ECF No. 24 at 3-4. Because petitioner has not obtained the authorization to file a successive petition, the court lacks subject matter jurisdiction. The court must dismiss the unauthorized successive petition.

**III.    Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not disagree that the petition here is an unauthorized successive petition and that it should not proceed further. Thus, the court should decline to issue a certificate of appealability.

**IV.    Findings and recommendations**

We recommend that the petition be dismissed as an unauthorized successive petition and that the court decline to issue a certificate of appealability. We submit the findings and recommendations to the U.S. District Court Judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District

Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Petitioner's failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

**V.     Order**

The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

IT IS SO ORDERED.

Dated:     December 20, 2018

UNITED STATES MAGISTRATE JUDGE