UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER L. PATTERSON,<br><br>        Petitioner,<br><br>    v.<br><br>STU SHERMAN,<br><br>        Respondent. | Case No. 1:18-cv-01688-DAD-JDP<br><br>ORDER VACATING DECEMBER 20, 2018 FINDINGS AND RECOMMENDATIONS<br><br>ECF No. 4<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AT SCREENING<br><br>ECF No. 1 |

Petitioner Vester L. Patterson, a state prisoner without counsel, filed a writ of habeas corpus under 28 U.S.C. § 2254 on December 12, 2018. ECF No. 1. Petitioner challenged the California Department of Corrections and Rehabilitation's ("CDCR") calculation of his release date, claiming that on January 14, 2016, CDCR administratively imposed sentence enhancements when recalculating his term of imprisonment. *Id.* On December 20, 2018, we recommended that the petition be dismissed as an unauthorized successive petition because petitioner had made the same claim in an August 17, 2016 habeas petition.[1] ECF No. 4; *see Patterson v. Martinez*, No. 16-cv-1215, ECF No. 24 (E.D. Cal. Feb. 24, 2017) (dismissed as successive). On January 7,

---

[1] We also found that petitioner had not obtained leave from the Ninth Circuit Court of Appeals to file a successive petition. ECF No. 4 at 3.

2019, petitioner filed objections to our findings and recommendations, stating that he had sought leave to file a successive petition from the Ninth Circuit on December 5, 2017. ECF No. 6 at 1. We now vacate our December 20, 2018 findings and recommendations and issue new findings and recommendations that the petition fails to state a claim.

**Background**

Petitioner is in the custody of CDCR pursuant to a judgment of the Superior Court of California, County of Los Angeles. Petitioner pled guilty on April 27, 2011 to one count of forcible rape and one count of forcible oral copulation. On May 9, 2011, petitioner was sentenced to 32 years in state prison. Since May 2011, petitioner has filed at least 20 petitions for habeas corpus in this district alone, 10 of which were filed after the January 14, 2016 CDCR action of which petitioner complains.[2] Many were transferred to our neighboring districts; some were dismissed by petitioner himself.

**Discussion**

The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court may apply in all habeas proceedings. *See* Rules Governing Section 2254 Cases, Rule 1(b); cf. 28 U.S.C. § 2243. Under Rule 4, the court must examine the habeas corpus petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.

In light of the Court of Appeals' order stating that petitioner does not require its authorization to proceed with his petition, we turn to the merits of this case. At this stage, petitioner must allege a violation of "clearly established federal law," meaning a violation of a U.S. Supreme Court holding. *See White v. Woodall*, 572 U.S. 415, 419 (2014). Under Rule 4,

---

[2] *See, e.g.*, *Patterson v. Sullivan*, Case No. 1:18-cv-00038-DAD-JLT (E.D. Cal. June 22, 2018); *Patterson v. Sullivan*, Case No. 2:18-cv-01270-CMK (E.D. Cal. May 18, 2018); *Patterson v. Sullivan*, Case No. 1:18-cv-00705-LJO-JDP (E.D. Cal. May 18, 2018); *Patterson v. Sullivan*, Case No. 1:18-cv-00593-LJO-SAB (E.D. Cal. April 27, 2018); *Patterson v. Sullivan*, Case No. 2:18-cv-01031-MCE-CMK (E.D. Cal. Apr. 25, 2018); *Patterson v. Sullivan*, Case No. 1:18-cv-00361-DAD-EPG (E.D. Cal. Mar. 15, 2018); *Patterson v. Martinez*, Case No. 2:17-cv-00444-KJN (E.D. Cal. Dec. 20, 2016); *Patterson v. Martinez*, Case No. 1:16-cv-01215-LJO-SAB (E.D. Cal. Aug. 17, 2016); *Patterson v. Martinez*, Case No. 2:16-cv-00842-CKD (E.D. Cal. Apr. 22, 2016); *Patterson v. Martinez*, Case No. 2:16-cv-01618-GGH (E.D. Cal. Mar. 14, 2016).

courts have "an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). Rule 4 gives courts the "duty to screen out" petitions that are frivolous, vague, conclusory, "palpably incredible," "patently frivolous," or false. *Id*.

Here, petitioner claims that CDCR failed "to recalculate petitioner's term without using any enhancements." ECF. No. 1 at 6.[3] As proof, petitioner attached his January 6, 2016 inmate appeal disputing the use of enhancements in his sentence calculation and CDCR's January 14, 2016 response that states no enhancements were used in his sentence calculation. *Id*. at 8. Petitioner filed a nearly identical inmate appeal on May 14, 2018, *id*. at 17, which was cancelled by CDCR on May 15, 2018 as duplicative of his prior appeals, *id*. at 16. In the January 14, 2016 response letter, CDCR stated that petitioner's appeal had already, in effect, been granted because the state trial court had not imposed any enhancements. *Id.* at 11. CDCR then stated that there is no reference to sentence enhancements in its calculation of petitioner's release dates and no enhancements have been imposed. After calculating for conduct credit and rules violations, CDCR stated that petitioner's estimated release date is August 8, 2035. Petitioner has not submitted any other evidence or information in support of his claim.

We will not construct a habeas claim for petitioner. *See Pliler v. Ford*, 542 U.S. 225, 226 (2004) (noting that judges, "impartial decisionmakers," may not give legal advice to pro se litigants). Without additional support for his allegation, petitioner has failed to state a claim sufficient to pass Rule 4 screening. The CDCR letter submitted by petitioner only serves to weaken his argument because it tends to show no enhancements have been used in calculating his sentence.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a

---

[3] Notably, this section of the petition is an exact photocopy of the petition filed on December 20, 2017 in *Patterson v. Sullivan*, Case No. 2:18-cv-01270-CMK (E.D. Cal. May 18, 2018).

district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, the court should decline to issue a certificate of appealability.

**Order**

We vacate the findings and recommendations issued on December 20, 2018. ECF No. 4.

**Findings and Recommendations**

We find that petitioner's instant petition fails to state a cognizable claim. We recommend that the petition be dismissed with prejudice. We submit these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. The document containing the objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   February 18, 2020                               _____
                                                         UNITED STATES MAGISTRATE JUDGE

No. 206.