UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER L. PATTERSON, | Case No. 1:18-cv-01688-DAD-JDP |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITIONER SHOULD NOT BE DECLARED A VEXATIOUS LITIGANT |
| v. | |
| STU SHERMAN, | FOURTEEN-DAY DEADLINE |
| Respondent. | |

Petitioner Vester L. Patterson, a state prisoner without counsel, filed a writ of habeas corpus under 28 U.S.C. § 2254 on December 12, 2018. ECF No. 1. Before this petition, petitioner initiated at least 40 other matters in this district. All closed matters were either denied on the merits, dismissed for failure to comply with procedural rules, or transferred to another district.[1] Because petitioner's behavior constitutes an abuse of judicial resources, we order him to show cause why he should not be declared a vexatious litigant.

**Background**

Petitioner is in the custody of CDCR pursuant to a judgment of the Superior Court of California, County of Los Angeles. Petitioner pleaded guilty on April 27, 2011 to one count of forcible rape and one count of forcible oral copulation. On May 9, 2011, petitioner was sentenced

---

[1] Two cases are still pending: the instant case and *Patterson v. HIP-C Committee, et al.*, Case No. 1:19-cv-01401-JLT (E.D. Cal. Nov. 12, 2019).

1

to 32 years in state prison. Since that time, petitioner has filed at least 21 petitions for habeas corpus in this district, none of which has been successful.[2] Petitioner filed nine habeas petitions in either the wrong district or wrong division, consuming substantial judicial resources. Petitioner filed and voluntarily dismissed an additional four habeas petitions, again wasting judicial resources. The remaining petitions were all dismissed at screening for various deficiencies or procedural defects, such as failure to comply with the rule against second or successive petitions, failure to exhaust state level remedies, failure to state a claim, failure to meet the statute of limitations, and failure to pay the filing fee.

Petitioner has also filed at least 20 prisoner civil rights cases in this district. Of these 20, six were transferred to the appropriate district, six were dismissed for failure to pay the filing fee, two were voluntarily dismissed by petitioner, two were dismissed for failure to state a claim, one

---

[2] *See Patterson v. Sisto et al.*, Case No. 2:07-cv-00091-JKS-EFB (HC) (E.D. Cal. Nov. 28, 2007) (dismissed for failure to pay filing fee); *Patterson v. Swarthout*, Case No. 2:11-cv-02492-CMK (HC) (E.D. Cal. Jan. 31, 2012) (voluntary dismissal by plaintiff); *Patterson v. Diaz*, Case No. 2:12-cv-02342-GGH (HC) (E.D. Cal. Sept. 24, 2012) (case transferred to correct district); *Patterson v. Knipp*, Case No. 1:13-cv-01082-SKO (HC) (E.D. Cal. July 22, 2013) (case transferred to correct district); *Patterson v. On Habeas Corpus*, Case No. 1:14-cv-01400-BAM (HC) (E.D. Cal. November 4, 2014) (failure to exhaust state court remedies); *Patterson v. Sherman*, Case No. 1:15-cv-01295-GSA (HC) (E.D. Cal. Aug. 26, 2015); *Patterson v. Sherman*, Case No. 1:15-cv-00053-LJO-MJS (HC) (E.D. Cal. Sept. 16, 2015) (dismissed for failure to meet statute of limitations) (case transferred to correct district); *Patterson v. Martinez*, Case No. 2:16-cv-00842-CKD (HC) (E. D. Cal. April 29, 2016) (case transferred to correct district); *Patterson v. Lacker*, Case No. 2:15-cv-02395-AC (HC) (E.D. Cal. May 2, 2016) (case transferred to correct venue); *Patterson v. Martinez, et al.*, Case No. 2:16-cv-01618-GGH (HC) (E.D. Cal. July 19, 2016) (case transferred to correct district); *Patterson v. Lacker*, Case No. 1:16-cv-00618-DAD-SAB (HC) (E.D. Cal. Sept. 8, 2016) (voluntary dismissal by petitioner); *Patterson v. Martinez et al.*, Case No. 2:17-cv-00444-KJN (HC) (E.D. Cal. March 23, 2017) (case transferred to correct district); *Patterson v. Martinez*, Case No. 1:16-cv-01215-LJO-SAB (HC) (E.D. Cal. May 12, 2017) (dismissed as successive); *Patterson v. Sullivan*, Case No. 2:18-cv-01031-MCE-CMK (HC) (E.D. Cal. May 23, 2018) (case transferred to correct district); *Patterson v. Sullivan*, Case No. 2:18-cv-01270-CMK (HC) (E.D. Cal. May 24, 2018) (case transferred to correct division); *Patterson v. Sullivan*, Case No. 1:18-cv-00593-LJO-SAB (HC) (E.D. Cal. June 13, 2018) (voluntary dismissal by petitioner); *Patterson v. Sullivan*, Case No. 1:18-cv-00705-LJO-JDP (HC) (E.D. Cal. June 19, 2018) (voluntary dismissal by petitioner); *Patterson v. Sullivan*, Case No. 1:18-cv-00038-DAD-JLT (HC) (E.D. Cal. June 22, 2018) (dismissed for failure to state a claim and failure to exhaust); *Patterson v. Sullivan*, Case No. 1:18-cv-00361-DAD-EPG (HC) (E.D. Cal. March 29, 2019) (dismissed for failure to state a claim); *Patterson v. United States District Court Eastern District of California*, Case No. 1:18-cv-01202-LJO-SKO (HC) (E.D. Cal. May 15, 2019) (dismissed as successive).

is pending, one was converted to a different claim, one was dismissed on a motion to dismiss, and one was dismissed on a motion for summary judgment.[3] Petitioner has a history of abusing the court system by making frivolous court filings. Petitioner was declared a vexatious litigant in our neighboring court, the United States District Court for the Central District of California, because his seven unsuccessful habeas corpus petitions there were deemed an abuse of that court's process. *See Patterson v. Ratelle*, Case No. 2:99-cv-00369-CM-RC (C.D. Cal. April 29, 1999).

**Vexatious Litigant**

A district court has the power under the All Writs Act to place certain requirements on individuals who have lengthy histories of abusive litigation. *See* 28 U.S.C. § 1651. Federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances." *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong*, 912 F.3d at 1148; *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

---

[3] *See Patterson v. Carr, et al.*, Case. No. 1:97-cv-06242-REC-HGB (E.D. Cal. Dec. 24, 1997); *Patterson v. Schwarznegger et al.*, Case No. 2:06-cv-02751-MCE-EFB (E.D. Cal. Dec. 6, 2006); *Patterson v. California Department of Corrections & Rehabilitation*, Case No. 2:06-cv-02752-LKK-KJM (E.D. Cal. Dec. 6, 2006); *Patterson v. Brown*, Case No. 2:11-cv-02879-DAD (E.D. Cal. Nov. 1, 2011); *Patterson v. Zuniga et al.*, Case No. 2:11-cv-02970-EFB (E.D. Cal. Nov. 8, 2011); *Patterson v. Leslie, et al.*, Case No. 1:12-cv-01086-SKO (E.D. Cal. July 5, 2012); *Patterson v. Leslie et al.*, Case No. 2:13-cv-01111-EFB (E.D. Cal. June 3, 2013); *Patterson v. Diaz*, Case No. 1:13-at-00689 *SEALED* (E.D. Cal. Sept. 19, 2013); *Patterson v. Diaz*, Case No. 1:13-cv-01521-LJO-SKO (E.D. Cal. Sept. 19, 2013); *Patterson v. Beard et al.*, Case No. 1:15-cv-00172-BAM (E.D. Cal. Feb. 2, 2015); *Patterson v. Beard et al.*, Case No. 2:15-cv-00290-MCE-EFB (E.D. Cal. Feb. 2, 2015); *Patterson v. Wong Do et al.*, Case No. 2:15-cv-02117-MCE-AC (E.D. Cal. Oct. 9, 2015); *Patterson v. CDCR, et al.*, Case. No. 2:16-at-00200 *SEALED* (E.D. Cal. Feb. 19, 2016); *Patterson v. Kelso*, Case. No. 2:16-at-00410 *SEALED* (E.D. Cal. April 6, 2016); *Patterson v. Kelso*, Case No. 2:16-cv-00719-AC (E.D. Cal. April 6, 2016); *Patterson v. Harris*, Case. No. 2:16-cv-01994-MCE-AC (E.D. Cal. Aug. 22, 2016); *Patterson v. California Correctional Health Care Services et al.*, Case No. 1:17-cv-00224-DAD-EPG (E.D. Cal. Feb. 16, 2017); *Patterson v. California Department of Correction and Rehabilitation et al.*, No. 1:17-cv-01428-DAD-BAM (E.D. Cal. Oct. 24, 2017); *Patterson v. CDCR, et al.*, Case No. 2:16-cv-00368-CMK (E.D. Cal. Feb. 16, 2019); *Patterson v. HIP-C Committee, et al.*, Case No. 1:19-cv-01401-JLT (E.D. Cal. Oct. 7, 2019).

The court may issue an order declaring a litigant to be a vexatious litigant and require the litigant to seek permission from the court prior to filing any future suits. *See Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *DeLong*, 912 F.2d at 1146-47. To issue such order, the court must ensure that: (1) the petitioner was given adequate notice to oppose a restrictive pre-filing order; (2) there is an adequate record of case filings to show the petitioner is abusing the judicial system; (3) there are substantive findings as to the frivolousness or harassing nature of the petitioner's filings; and (4) the order is narrowly tailored to remedy only the petitioner's particular abuses. *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *DeLong*, 912 F.2d at 1147-49.

In determining whether to declare a litigant vexatious, the court should consider: "(1) the litigant's history of litigation and whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation . . .; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Molski*, 500 F.3d at 1058 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

Here, petitioner meets the requirements of *O'Loughlin* and *Molski*. Petitioner has filed at least 40 habeas or prisoner civil rights actions in this court, without counsel. All closed cases were unsuccessful—they were dismissed or transferred for the above-stated reasons. Many of petitioner's cases have been voluntarily dismissed by petitioner himself or dismissed by this court for his failure to pay the filing fee, thereby wasting judicial resources. Many of the filings were duplicative and few, if any, had a chance of success on the merits. Petitioner caused this court to engage in additional work, such as preparing transfer and dismissal orders. This court has repeatedly counseled petitioner on the proper requirements for filing a federal habeas petition and a prisoner civil rights complaint, but he has ignored the court's orders and continued to file frivolous petitions subject to dismissal. In the Central District, petitioner was warned that further attempts to file frivolous actions would lead to him being declared a vexatious litigant. Petitioner did not heed that court's warnings and he was declared a vexatious litigant. Petitioner's ability to

file new actions without court approval was restricted. Petitioner is ordered to show cause why he should not be declared a vexatious litigant in this district.

If petitioner is found to be a vexatious litigant, we will recommend that a pre-filing order be issued requiring him to obtain leave of court before filing any habeas petition or prisoner civil rights complaint or any document in a habeas or prisoner civil rights case that is closed and final. Petitioner will be required to submit a copy of the court's vexatious litigant order and a copy of the proposed filing with any motion seeking leave of court to file a new habeas or prisoner civil rights action or any document in such a case that is closed and final. We do not find that lessor sanctions would be adequate to protect this court's resources.

**Order**

Petitioner is ordered to show cause why the court should not deem him a vexatious litigant within fourteen days of the date of service of this order.

IT IS SO ORDERED.

Dated: February 18, 2020

UNITED STATES MAGISTRATE JUDGE

No. 206.