1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VESTER L. PATTERSON,                        No. 1:18-cv-01688-DAD-JDP (HC)

12                    Petitioner,

13        v.                                     ORDER ADOPTING FINDINGS AND
                                                 RECOMMENDATIONS, DENYING
14   STU SHERMAN,                                PETITION FOR WRIT OF HABEAS
                                                 CORPUS, AND DECLARING PETITIONER
15                    Respondent.                A VEXATIOUS LITIGANT SUBJECT TO
                                                 PRE-FILING CONDITIONS
16
                                                 (Doc. Nos. 8, 9)
17

18

19        Petitioner Vester L. Patterson is a state prisoner proceeding *pro se* and *in forma pauperis*

20   with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred

21   to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22        On February 19, 2020, the assigned magistrate judge issued findings and

23   recommendations, recommending that the pending petition for federal habeas relief be denied due

24   to petitioner's failure to state a cognizable claim for federal habeas relief.  (Doc. No. 8.)  The

25   findings and recommendations were served upon all parties and contained notice that any

26   objections thereto were to be filed within fourteen (14) days from the date of service of the order.

27   No objections have been filed and the time in which to do so has now passed.

28   /////

                                                 1

1    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a

2    *de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's

3    objections, the court concludes that the findings and recommendations are supported by the

4    record and proper analysis.

5        Having found that petitioner is not entitled to habeas relief, the court now turns to whether

6    a certificate of appealability should issue.  A prisoner seeking a writ of habeas corpus has no

7    absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed

8    under certain circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336

9    (2003).  In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district

10   court issue or deny a certificate of appealability when entering a final order adverse to a

11   petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th

12   Cir. 1997).

13       If, as here, a court denies a petition for a writ of habeas corpus, the court may only issue a

14   certificate of appealability when "the applicant has made a substantial showing of the denial of a

15   constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must

16   establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition

17   should have been resolved in a different manner or that the issues presented were 'adequate to

18   deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

19   (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

20       In the present case, the court concludes that petitioner has not made the required

21   substantial showing of the denial of a constitutional right to justify the issuance of a certificate of

22   appealability.  Reasonable jurists would not find the court's determination that petitioner is not

23   entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that

24   petitioner is deserving of encouragement to proceed further.  The court therefore declines to issue

25   a certificate of appealability.

26       In conjunction with the pending findings and recommendations, the magistrate judge also

27   issued an order requiring petitioner to show cause why he should not be declared a vexatious

28   litigant.  (Doc. No. 9.)  As the magistrate judge noted, petitioner has initiated at least 40 other

actions in this district alone—none of which have been successful—and already been declared a

vexatious litigant in the Central District of California. (*Id.* at 3) (citing *Patterson v. Ratelle*, Case

No. 2:99-cv-00369-CM-RC (C.D. Cal. April 29, 1999))). The order to show cause was served on

petitioner and required him to respond within fourteen (14) days from the date of service of the

order. No response has been filed and the time to do so has now passed.

A review of petitioner's litigation record leaves the court no choice but to conclude that he

has flagrantly abused the judicial process by filing dozens of frivolous and meritless lawsuits and

applications for habeas relief. (*See* Doc. No. 9 at 4) (documenting how petitioner has met the

standards under *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) and *Molski v. Evergreen*

*Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) to be declared a vexatious litigant).) This

behavior cannot be tolerated, *see DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)

("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to

preempt the use of judicial time that properly could be used to consider the meritorious claims of

other litigants."), particularly in a district such as this one where judicial resources are taxed to

the point of a declared judicial emergency.[1] Moreover, a vexatious litigant finding, where

appropriate, may impose pre-filing requirements to new applications for federal habeas relief.

*See Jackson v. Felker*, 729 F. Supp. 2d 1165, 1172, n. 4 (C.D. Cal. 2010) ("As of January 1, 2007,

this Court determined petitioner was a vexatious litigant due to his abuse of the writ.")

Imposition of such pre-filing requirements with respect to any future applications for federal

habeas relief submitted by this petitioner is fully supported here. (Doc. No. 9 at 3) ("Petitioner

was declared a vexatious litigant in our neighboring court, the United States District Court for the

Central District of California, because his seven unsuccessful habeas corpus petitions there were

deemed an abuse of that court's process.").

Accordingly:

1.      The findings and recommendations issued on February 19, 2020 (Doc. No. 8), are

adopted in full;

---

[1] *See* Doc. No. 7 for more information regarding the Eastern District of California's judicial
emergency.

1    2.    The petition for writ of habeas corpus (Doc. No. 1) is denied;

2    3.    The court declines to issue a certificate of appealability;

3    4.    Petitioner is declared a vexatious litigant subject to the pre-filing conditions set

4          forth below:

5          a.    To file a habeas corpus petitioner or prisoner civil rights complaint,

6                petitioner must:

7                i.    Include with the petition or complaint a copy of this Vexatious

8                      Litigant Order;

9                ii.    Include with the petition or complaint the filing fee or a completed

10                      application to proceed *in forma pauperis*, along with a certified

11                      copy of his prison trust account statement;

12                iii.   Use the proper form for a habeas corpus or prisoner civil rights

13                      action;

14                iv.   Name the proper parties;

15                v.    Clearly and concisely specify the grounds for relief and facts

16                      supporting each ground;

17                vi.   Include only claims that are the proper subject matter for a habeas

18                      corpus petition or a prisoner civil rights complaint;

19                vii.  For habeas petitions:

20                      a)    include only claims that allege violations of the Federal

21                            Constitution;

22                      b)    show that petitioner is in custody to challenge the

23                            conviction that the claims arise from;

24                      c)    show that any arrest petitioner challenges led to a conviction

25                            that petitioner is in custody to challenge;

26                      d)    prove that petitioner has exhausted his state court remedies

27                            by having presented the petition's claims to the California

28                            Supreme Court in a procedurally proper form, and that his

4

1    direct appeal concerning the conviction being challenged

2    has been ruled on by the California Court of Appeal;

3         viii.    For prisoner civil rights complaints:

4              a)    prove that petitioner has exhausted all available prison

5                    administrative remedies;

6    b.    Upon receipt of any habeas corpus petition or prisoner civil rights

7         complaint filed by petitioner, the Clerk of the Court is directed to mark the

8         petition "Received";

9    c.    The assigned judge will then screen the petition to determine if the above

10        requirements are met;

11   d.    Only if petitioner meets all these requirements will the court file any future

12        habeas petitions or prisoner civil rights complaints submitted by petitioner;

13   e.    All other habeas petitions or prisoner civil rights complaints will be

14        returned to petitioner; and

15   5.    The Clerk of the Court is directed to close this case.

16   IT IS SO ORDERED.

17   Dated:   **March 20, 2020**

18                                UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28